UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES OLIVER CHARLES, JR., | § | |
| TDCJ # 02210610, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-264 |
| | § | |
| TYLER McBRIDE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff James Oliver Charles, Jr., an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

## I.  BACKGROUND

According to TDCJ's public online records, Charles was convicted of robbery in 2017 in Galveston County, Case Number 17CR0273. He was sentenced to eight years in TDCJ. *See* Offender Information, available at https://offender.tdcj.texas.gov/Offender Search/index.jsp (last visited Nov. 22, 2019).

Charles' complaint attacks the judgment and sentence against him in Case Number 17CR0273. He brings suit against a police detective, two prosecutors, a judge, and a city attorney.

First, Charles sues Detective Tyler McBride of the Galveston Police Department ("GPD"). He states that the incident leading to his criminal case had been investigated by GPD but that no charges were brought against him based on the initial investigation. However, he claims that Detective McBride then reopened the case against him and falsified a probable-cause affidavit, which led to his appearance before a magistrate judge on January 25, 2017. He also alleges that McBride testified falsely against him, that McBride never interviewed Charles or the original officer, and that McBride never saw a photograph of the cell phone that Charles allegedly stole (Dkt. 1, at 3-4).

Charles also sues two prosecutors: Candice Freeman, an Assistant District Attorney for Galveston County, and Jack Roady, the District Attorney for Galveston County. He alleges that Freeman "knew [that the] robbery indictment was fatally defective because it failed to allege or describe the property that was supposedly taken or stolen" and that she was friends with a juror and some prosecution witnesses (*id*. at 3). He further alleges that she knew Charles was innocent but allowed witnesses to commit perjury by offering false testimony during trial, and that she withheld the original incident report in order to secure a conviction (*id*. at 4). He claims that District Attorney Roady is liable because his office "withheld [the] original incident report or field report" from the GPD, which he states would have shown that the officer who responded to the disturbance decided not to file

charges against Charles (*id*. at 3).

Charles also sues the Hon. David E. Garner, Acting Judge for the 405th District Court in Galveston County, who presided over his robbery trial. He alleges that Judge Garner "knew [that the] robbery indictment was fatally defective because it failed to allege or describe the property that was supposedly taken or stolen," that he failed to impeach a prosecution witness who had previously been convicted of robbery, and that he "let Juror No. 9 serve as Jur[or] No. 2" (*id*. at 3).

Finally, Charles sues Mehran Jadidi, Assistant City Attorney for Galveston, alleging that Jadidi refused to allow Charles to obtain GPD records relevant to his case (*id*. at 3).

On April 23, 2019, Charles' robbery conviction was affirmed on direct appeal. *Charles v. State*, No. 14-17-00749-CR, 2019 WL 1768594 (Tex. App.–Hou. [14th Dist.], Apr. 23, 2019, no pet.). The appellate court denied relief on an ineffective assistance of trial counsel claim raised by Charles' counsel. The court also addressed Charles' *pro se* arguments, including arguments that his trial counsel had failed to introduce the original incident report into evidence, that counsel had not subpoenaed the testimony of the original responding officer, and that a juror was improperly seated because she knew one of the prosecutors. The appellate court determined that no grounds warranted relief and affirmed the trial court's judgment.

Publicly available online records regarding Case Number 17CR0273 reflect that on September 4, 2019, Charles filed an application for a writ of habeas corpus in the trial court. *See* Case Summary, *Ex parte Charles*, Case Number 17CR0273-83-1, available at

http://publicaccess.co.galveston.tx.us/default.aspx (last visited Nov. 22, 2019). The application remains pending before the trial court.

Charles' civil-rights complaint in this Court requests that the Court overturn his conviction, release him from detention, and provide an unspecified amount of compensation (Dkt 1, at 4).

## II.  STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

### III. <u>DISCUSSION</u>

Charles alleges that the judge at his trial, two prosecutors, and the city attorney violated his rights in connection with his criminal trial. He also alleges that the police detective who reopened the case against him testified falsely against him, failed to interview the original officer, and never saw a photograph of the stolen goods.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

A finding in Charles' favor in this case would necessarily imply that he is unlawfully confined. Therefore, he is entitled to proceed with his § 1983 claim only if the judgment against him previously has been reversed or otherwise declared invalid. Public court records do not reflect, and Charles does not claim, that his sentence for robbery in 2017CR0273 has been invalidated or otherwise set aside. Absent this showing, the rule in *Heck* therefore precludes his claim for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Charles' civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claim for injunctive and declaratory relief must be dismissed without prejudice. *Id.* at 191; *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). His claims for damages must be dismissed with

prejudice to being asserted again until the *Heck* conditions are met. *See id.* (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").[1]

Generally, challenges to the fact or duration of confinement are brought in a petition for habeas corpus rather than a civil-rights complaint. *See Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017). The Court declines to redesignate this case as a habeas action because the action would be subject to dismissal for lack of exhaustion. As a prerequisite to federal habeas review, a petitioner must exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Conner v. Quarterman*, 477 F.3d 287, 291-92 (5th Cir. 2007) (internal quotation marks and citation omitted). Exceptions exist only where there is an absence of available corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed

---

[1] Additionally, the Court notes that a judge is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed in the exercise of judicial functions. *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). Similarly, prosecutors acting as an "officer of the court" are entitled to absolute immunity from civil-rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). "[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014).

to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In this case, Charles' application for state habeas relief is pending in the trial court. Because this state procedure remains available to Charles, this Court is prohibited from granting habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *id*. § 2254(c).

Plaintiff's complaint will be dismissed because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The complaint (Dkt. 1) under 42 U.S.C. § 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. Charles' claims for monetary damages are **dismissed with prejudice** to his claims being asserted again until the *Heck* conditions are met. His claims for injunctive relief are **dismissed without prejudice**.

2. All pending motions, if any, are **DENIED as moot**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, on      November 25th     ,2019

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE